# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1381V

|  |  |
| --- | --- |
| RYAN HESS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 12, 2026 |

*John Beaulieu, Siri & Glimstad, LLP, Louisville, KY, for Petitioner.*

*Jay Travis Williamson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 26, 2022, Ryan Hess filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury lasting more than six months, after receiving an influenza ("flu") vaccine on January 4, 2022. Petition at 1, ¶ 2.

Although the claim was unsuccessful, I find it possessed sufficient reasonable basis to permit an award of attorney's fees. But a reduction in the amount of fees to be awarded is appropriate, for the reason stated below.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I.      Relevant Procedural History

On December 18, 2023, Respondent filed his Rule 4(c) Report opposing compensation in this case. ECF No. 28. Specifically, he argued that the record shows Petitioner received the vaccine in his *left* rather than the *right* deltoid as alleged; that he did not suffer the residual effects of his injury for more than six months, and that his right shoulder pain did not begin within 48 hours of vaccination as required for a Table SIRVA. *Id.* at 6-8. In response, Petitioner moved for the dismissal of his claim (ECF No. 32), and I issued my decision the same day (ECF No. 33).

On August 19, 2024, Petitioner moved for an award of $24,526.74 in attorney's fees and costs. Petitioner's Motion for Attorney's Fees and Costs ("Motion") at 7. ECF No. 40. Petitioner argues "that the statutory requirements of good faith and reasonable basis have been met." *Id.* at 6; *see* Section 15(e)(1). In accordance with General Order No. 9, he filed a signed statement stating that he incurred no out-of-pocket expenses. Ex. 10, ECF No. 38-2. Having initially neglected to provide the required billing records and receipts, Petitioner filed this documentation on September 30, 2024. Ex. 13, ECF No. 43.

Respondent reacted to the Fees Motion on August 25, 2024, deferring to my discretion regarding the statutory requirements for a fees award, as well as the amount to be awarded. Respondent's Response to Motion at 2-3, 2 n.1, 3 n.2, ECF No. 45. Petitioner filed no reply.

## II.     Reasonable Basis

### A.      Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful

claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II"), aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B.    Existence of Reasonable Basis

Respondent based his opposition to compensation on a lack of evidence related to situs, pain onset, and symptoms duration. Although these issues did prove fatal to Petitioner's claim, I find there was sufficient objective evidence in the record relevant to each of these disputed questions to meet the reasonable basis standard.

The record clearly demonstrates that Petitioner sought treatment for right shoulder pain attributable to the flu vaccine within approximately six weeks of vaccination. Ex. 2 at 66-67. Although he neglected to mention this shoulder pain at a primary care appointment ten days earlier (*id.* at 74), and the MRI performed the following week revealed findings more likely attributable to repetitive trauma such as weightlifting (*id.* at 8), this initial complaint constitutes situs and onset evidence sufficient to establish that Petitioner's claim was feasible.

Similarly, Petitioner's mention of right shoulder pain at an emergency room visit for treatment of a tick bite on July 15, 2022 (Ex. 5 at 6), and his telephonic request for an orthopedic referral one week later (even though withdrawn the same day (Ex. 2 at 60)), provided *some* evidence to support severity. And the record clearly shows Petitioner's concern (voiced in May 2022) that he would be traveling to Qatar for work as a security contractor. Ex. 3 at 2, 4. Thus, the reason for Petitioner's withdrawal of his request for an orthopedic referral could have signaled a desire not to pursue further treatment due to his work schedule and an improvement, rather than a total resolution of his right shoulder symptoms. And even if his symptoms had resolved by the end of July 2022, his request for an orthopedic referral occurred more than six months post-vaccination. Thus, it may have proved sufficient to show six-months sequela, even if weakly so.

I thus find that Petitioner had a reasonable basis to file his petition in this case which continued until he voluntarily dismissed his claim. And there is no other basis for a denial of fees, despite the claim's lack of success. The only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

### III.    Appropriate Amount to be Awarded

### A.    Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.    Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. The request appears reasonable, with only minor deductions related to hourly rates and the billed hours required. ECF No. 43-1 at 1-19. And Petitioner has provided supporting documentation for all claimed costs. *Id.* at 19-25.

A few of the tasks performed by Mr. Beaulieu would have been more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $207.00.[5]**

Additionally, Daisy Mazoff (another attorney at Mr. Beaulieu's law firm) billed 0.2

---

[4] These entries, drafting basic documents such as an exhibit list, notice of filing, and election to accept the Judgment are dated as follows: 9/14/22 (two entries), 9/26/22, and 8/146/24 (three entries). ECF No. 43-1 at 4-5, 18-19.

[5] This amount consists of ($375 - $177) x 0.70 hrs. + ($311 - $197) x 0.6 hrs. = $207.00.

hours spent researching the federal law related to unsworn declarations (28 U.S.C.A. § 1746). ECF No. 43-1 at 12 (entry dated 7/5/23). "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Hum. Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007). This includes billing pertaining to the evidentiary standards for certain kinds of witness evidence. **Disallowing this time further reduces the amount of fees to be awarded by $75.00.**

## Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$24,244.74 (representing $23,432.30 in fees and $812.44 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.